SUMMARY ORDER

Petitioner Qiao Mei Liu, a native and citizen of the People’s Republic of China, seeks review of a July 8, 2008 order of the BIA, which denied her motion to reopen. In re Qiao Mei Liu, No. A077 340 895 (B.I.A. Jul. 8, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
*726 We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Liu’s untimely motion to reopen.
Liu argues that the BIA erred in concluding that she faded to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consid-' er time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Contrary to Liu’s assertion, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of her evidence, as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record eompellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Although the agency may err in rejecting a document solely based on the alien’s failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Liu’s unauthenticated evidence where that decision was also based on contrary evidence in the record, see Xiao Ji Chen, 471 F.3d at 342.
Liu also asserts that the BIA erred in failing to address whether a 1988-2007 fine schedule in the record indicated that she would be subject to excessive fines amounting to persecution. However, the fine schedule does not indicate that country conditions have materially changed or that such fines would amount to economic persecution for someone in Liu’s economic circumstances. See Guan Shan Liao v. U.S. Dep’t. of Justice, 293 F.3d 61, 70 (2d Cir.2002).
Liu waives any challenge to the BIA’s finding that she was ineligible to file a successive asylum application based on her changed personal circumstances. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).